E. W. WASHINGTON and THEO. SMITH Exr's. of Wm.
H. Smith, deceased, v. JOHN R. BEDFORD and Wife,
AMERICA C., and LUCY BEDFORD.

WITNESSES. *Husband and wife.* Mrs. B. executed her note with S. as surety.
The husband of Mrs. B, who had the note in possession as he claims,
by purchase, brings suit thereon against the executors of S, who died
since the execution of the note. Executors file bill against B and
wife enjoining suit at law. Mrs. B. testified that her husband gave
her the money to take up the note for him, which she did, and that S
agreed to pay the note though her name appears as principal and his
as surety. Her testimony was incompetent. The giving of the money
to her by her husband to take up the note for him on the ground of
public policy, and the agreement of S. to pay the note on the ground
it was contrary to the statute: Code, sec. 3813 d.

---

FROM RUTHERFORD.

---

Appeal from the Chancery Court at Murfreesboro.
A. S. MARKS, Ch.

E. H. HANCOCK and J. W. BARTON for complainant.

E. H. EWING and READY & BURRUS for defend-
-ants.

DEADERICK, C. J., delivered the opinion of the court.

The bill in this case was filed in July, 1874, in
the chancery court of Rutherford county. It seeks a
perpetual injunction of three suits pending in the circuit
-court of said county, brought by defendant John R.,

against the complainants. Upon the hearing the chancellor granted the relief prayed for, and defendants John R. Bedford and wife, appealed to this court.

Defendant John R. and one Crockett were owners of a lot fronting 32 feet upon the public square in Murfreesboro. The said John R. conveyed his undivided half of said lot to Benjamin Smith, in trust for the sole and separate use of his wife, with power to dispose of the same as she might direct. This undivided half of said lot was, by direction of said America C., conveyed by the trustee to the said Wm. H. Smith in 1870. The said Wm. H. had previously bought and obtained a deed from said Crockett for his undivided half of said lot. In paying for this interest of Crockett, Smith used a note that Crockett had executed to Bedford for about $635. This note had been assigned by written endorsement by Bedford to his wife, but as Bedford insists had never been delivered to her.

Wm. H. Smith was a man of wealth, without wife or children. Bedford was his nephew, and Bedford's wife was niece to Smith's wife, who died before these transactions were had. Mrs. Bedford had been raised by Smith and his wife, and in pursuance of the purpose for which Smith had obtained the title to the 32 feet of ground fronting on the public square, and running back to College street, Smith erected upon 21 feet of the lot a brick store house, which he intended for Mrs. Bedford, and by his will gave her, to her sole and separate use this store house, which cost about $4,900, and also two offices erected on College street

worth about $2,400, in the rear of the store and built upon the lot of 32 feet.

While the store house was being built two notes were made by America C. Bedford and Wm. H. Smith as security, one payable to Lucy Bedford, the other to Wm. H. Bedford, each for $750, executed for borrowed money. The money thus borrowed was used in paying, in part, for the building of said store house.

Wm. H. Smith died in 1871, and these two notes were paid, or as contended by John R. purchased by him, shortly before the death of said Smith, and at his instance, and he insists although Smith appears to be surety only, he was in fact the beneficiary of both notes, the money having been borrowed by Mrs. Bedford at his request and for his use.

Two of said actions at law, are brought to recover these notes. The declaration in the other action contains two counts, but the plaintiff in the cause concedes that he cannot recover upon the first count, but insists that he is entitled to recover on the other, being for the amount of Crockett's note, which was passed by Smith to Crockett in part payment of his undivided half of the lot purchased by Smith of Crockett. And the question for our determination is whether the plaintiffs in said actions at law are entitled to recover in all, or any one of said several suits?

By complainants it is insisted that the two notes of $750 were executed for borrowed money and were executed and sold by said America for the purpose of using the money in aiding to erect the building on said lot, and that complainant's testator was surety

only, as shown by said notes, and it is charged that these facts were well known to the said John R. Bedford and wife. And it is charged further that the rents of the buildings devised to said America. have been received by said John R. and amount to more than double the amount of said two notes.

Both John R. and his wife were examined as witnesses in behalf of defendants, and their depositions were excepted to, and on the hearing excluded by the chancellor.

The deposition of Mrs. Bedford details conversations with testator, and the circumstances attending the payment of one of the $750 notes to Lucy Bedford. She states that her husband gave her the money to take up this note for him, which she did.

Mrs. Bedford is a defendant to this suit insisting that Gen. Smith, the testator, agreed to pay these $750 notes, notwithstanding her name appears as principal, and his as surety, and she thus deposes. Under section 3813 d of the Code, we think she was incompetent to prove these transactions with and declarations made by the testator Smith. And upon the ground of public policy we are also of opinion, that her evidence, that her husband gave her the money to pay the Lucy Bedford note, that he was unwilling at first to pay said notes, but she finally induced him to take them up, was inadmissible and properly rejected, as these facts came to her knowledge by reason of the marital relation.

Defendant John R. Bedford also deposes to conversations by and transactions with testator in respect to his payment of these two notes. These conversa.

tions or statements by testator were inadmissible. But that part of deposition which shows he paid. the two notes of $750 each was incompetent, and also the fact that he received no part of the proceeds of said notes. The defendant, John R's. statements as to testator's promise to pay him for the note on Crockett was also inadmissible. Other parts of his deposition, though not very important, were inadmissible.

But rejecting so much of the depositions of John R. Bedford and wife as give statements by and transactions with testator, there is little left in the record to support the claim of defendants John R. and wife, that the money was borrowed for testator, and that his estate is primarily liable for the two $750 notes, and the Crockett note.

On the other hand, the facts which are shown by competent witnesses, strongly support the view insisted upon by [complainants.

Mrs. A. C. Bedford procured her trustee to convey to Gen. Smith the undivided half of the lot that her husband had conveyed to said trustee. She also became principal in the two notes for borrowed money. She and her husband were present when the Crockett note was returned to Crockett and the balance of the purchase money for Crockett's interest in the lot was paid to him by the testator. Bedford, while the house was being built spoke of it as being built by testator for his wife. And it is manifest that the conveyances of the interests in the lot were made upon the understanding that Gen. Smith should erect the buildings which were in fact erected by him, and leave

them by his will to Mrs. A. C. Bedford. Aside from the declarations of Smith proved by Bedford and wife, there is no sufficient evidence that Smith was bound to pay anything more than he did pay.

We are of opinion that the legal evidence does not show that John R. Bedford purchased the two $750 notes with a view to hold Smith liable upon them. But his wife being by the face of the notes principal thereon, he paid them. Neither of them is assigned or endorsed by the holder thereof.

Upon the whole case we are of opinion that the decree of the chancellor perpetually enjoining the said several suits at law was correct, and it will be affirmed.